UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAJ TRANSPORT INC., et al.,<br><br>   Plaintiffs,<br><br> v.<br><br>RASANJIT SINGH, et al.,<br><br>   Defendants. | Case No.   1:23-cv-00085-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFFS' FAILURE TO COMPLY WITH COURT ORDERS AND TO PROSECUTE THIS CASE<br><br>(ECF Nos. 18, 28)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

   This removed case concerns state law claims, including negligence and breach of contract, resulting from a business dispute between a commercial trucking company, Plaintiff Taj Transport Inc., and its owner Plaintiff Palwinder Gharu, and Defendant Rasanjit Singh and Defendant FedEx Ground Package System, Inc. (ECF Nos. 1, 12)

   While Plaintiffs were initially represented by counsel, they expressed a desire to retain new counsel and their attorney has now withdrawn. (ECF No. 28). Because Plaintiffs have since failed comply with court orders and to prosecute this case, the Court recommends dismissal of this case without prejudice.

**I. BACKGROUND**

   This action was removed on January 19, 2023. (ECF No. 1). As amended, Plaintiffs bring multiple state law claims, most of which concern negligence and breach of contract, generally relating to a dispute with Defendants concerning compensation for hauling freight. (ECF No. 12). On March 21, 2023, the Court approved the parties' stipulation for Plaintiffs to file a second

amended complaint within twenty-one days from the entry of the order. (ECF No. 14). Plaintiffs did not timely file a second amended complaint.

At a scheduling conference on June 6, 2023, the Court was advised that Plaintiffs planned to retain new counsel and the Court continued the scheduling conference to September 18, 2023, and the deadline to file a second amended complaint to August 31, 2023, advising Plaintiffs that failure to file a second amended complaint may result in the dismissal of this case. (ECF No. 18). Plaintiffs never filed a second amended complaint.

Plaintiffs' attorney moved to withdraw from the case, which motion the Court granted at a hearing on September 8, 2023. (ECF Nos. 27, 28). Despite being advised of the hearing, no Plaintiff or person on their behalf attended. (ECF No. 25).

Having heard nothing from Plaintiffs, the Court issued a show cause order on September 8, 2023, noting that it was unclear if Plaintiffs intended to litigate the case and ordering Plaintiffs to file a response explaining (1) why this case should not be dismissed; (2) whether they intended to litigate this matter further; and (3) whether they intended to obtain counsel. (ECF No. 28). The Court warned Plaintiffs that if they "fail[ed] to file any response to this order [by October 9, 2023], . . . this action may be dismissed." (ECF No. 28). Neither Plaintiff has responded to the show cause order or filed anything of record.

## II.   ANALYSIS

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the

public interest." *Id.* Here, Plaintiffs' failure to file a second amended complaint as ordered, failure to respond to the show cause order, and failure to otherwise prosecute this case is delaying litigation. Such failure to respond to orders, or even request an extension of time to do so, indicates that Plaintiffs have no intention of pursuing this case. Allowing this case to proceed further, with minimal activity so far by Plaintiffs, and no indication that Plaintiffs wish to prosecute this action further, would waste judicial resources. *See Hall v. San Joaquin County Jail*, No. 2:13-cv-0324 AC P, 2018 WL 4352909, at *2 (E.D. Cal. Sept. 12, 2018) ("The court will not continue to drag out these proceedings when it appears that plaintiff has no intention of diligently pursuing this case."). Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiffs' failure to comply with court orders and to prosecute this case that is causing delay and preventing this case from advancing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiffs have failed to comply with court orders and have chosen not to prosecute this action, despite being warned of possible dismissal on two occasions, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

### III.    CONCLUSION AND RECOMMENDATIONS

After weighing the factors regarding dismissal, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court RECOMMENDS that:

1.    This case be dismissed, without prejudice, because of Plaintiffs' failure to comply

with court orders and to prosecute this case; and

      2.     The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 13, 2023**           /s/ Erica P. Grosjean
                                                     UNITED STATES MAGISTRATE JUDGE